Sultana v Harris (2024 NY Slip Op 50121(U))

[*1]

Sultana v Harris

2024 NY Slip Op 50121(U)

Decided on February 5, 2024

City Court Of Buffalo, Erie County

Town, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 5, 2024
City Court of Buffalo, Erie County

Feroza Sultana, Plaintiff,

against
Sharika Harris, Defendant.

Index No. CV-927-23/BU

MATTHEW A. LAZROE, ESQ 
43 Court Street, Suite 1111
Buffalo, NY 14202
For The Plaintiff
SHARIKA HARRIS, Pro se
with assistance of Buffalo CLARO
Matthew Parham, Esq.

Rebecca L. Town, J.

BACKGROUND
In the matter before this honorable Court, the Plaintiff seeks summary judgment to recover alleged unpaid rents, alleged damages to the premises, and attorneys' fees. In answering, Defendant asserts the defenses that the rent exceeds the amount permitted by Section 8 and that a security deposit should offset any claims made in the complaint. Additionally, the Defendant counterclaims for the conversion of household appliances that the Plaintiff locked in her basement after instructing the Defendant to place them there. It is imperative to note that the Plaintiff's affirmation accompanying the motion lacks exhibits, copies of pleadings, and fails to acknowledge or address any of the Defendant's defenses or counterclaim. For the reasons set forth below, Plaintiff's motion for summary judgment is denied.

 LEGAL STANDARD
To prevail on a motion for summary judgment in accordance with New York law, the moving party bears the initial burden of demonstrating a prima facie entitlement to judgment as a [*2]matter of law, supported by evidence in admissible form, and showing the absence of material factual disputes (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Only after the Plaintiff meets this threshold burden does the burden shift to the Defendant to produce evidence in opposition.

 DISCUSSION
Seldom do motions present before this Court where a party has failed to provide the Court with the basic legal keys to unlock the gates to considering that party's request for relief. This is one such case.
In the instant motion, the Plaintiff's attorney seeks to authenticate documents through an attorney's affirmation, yet no exhibits are annexed to substantiate these claims. As established by settled law, a plaintiff who moves for summary judgment with a conclusory affidavit, devoid of personal knowledge of the facts, has failed to satisfy the initial burden required to establish the moving party's prima facie case (JMD Holding Corp. v Cong. Fin. Corp., 4 NY3d 373, 384-385 [2005]). Here, the instant motion is supported solely by an affidavit of Plaintiff's counsel. This necessitates dismissal, as no motion for summary judgment can issue where it is supported merely by an attorney affidavit (see Ciccatello v Tops Friendly Markets, Inc., 186 AD2d 1091 [4th Dept 1992]) Thus, this Court can go no further in the analysis, as there is no supporting affidavits from individuals with personal knowledge of the underlying facts and circumstances to show that the Plaintiff is entitled to relief as a matter of law.
While already fraught with this insurmountable shortcoming, Plaintiff's motion exhibits two additional fatal defects that demand our attention. First, it is imperative to note that the Plaintiff has not adhered to the requisite procedural requirements set forth in CPLR 3212(b), which explicitly mandates that all motions for summary judgment must, among other things, be accompanied by "a copy of the pleadings." This statutory procedural condition precedent has regrettably not been satisfied by the Plaintiff. This omission, in and of itself, constitutes a fatal defect in the Plaintiff's motion, casting a cloud of doubt over its legitimacy.
Furthermore, the Plaintiff's failure to address the Defendant's defenses or counterclaims in any substantive manner further compounds the deficiencies in their motion. It is a fundamental principle of our legal system that the burden rests squarely upon the moving party to demonstrate entitlement to judgment as a matter of law. This onus becomes particularly acute when, as in this case, the opposing party has interposed defenses and counterclaims. To prevail on a motion for summary judgment, the moving party must not only meet the initial threshold but also address and refute the defenses and counterclaims raised by the opposing party.
Regrettably, the Plaintiff's motion does not bear witness to such engagement with the Defendant's defenses and counterclaims. Instead, it sidesteps these crucial aspects of the case, failing to demonstrate a prima facie entitlement to judgment as a matter of law. This disregard for the Defendant's legal positions stands as a palpable impediment to the Plaintiff's claim of summary judgment.
In light of the Plaintiff's substantive and procedural failures, this Court has no choice but to deny the Plaintiff's motion for summary judgment. The Plaintiff's unwillingness to comply with the procedural requirements set forth in CPLR 3212(b) and their failure to address the Defendant's defenses and counterclaims have left their motion wanting.

CONCLUSION
For all of the foregoing reasons, Plaintiff's instant motion for summary judgment is DENIED in its entirety and this matter is scheduled for further proceedings.
Dated: February 5, 2024
Buffalo, New York
Hon. Rebecca L. Town
Buffalo City Court Judge